Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for Defendant
UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIEL SHACHAF, an individual; VICKY SHACHAF, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED AIRLINES, INC., and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-9302<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441 ON THE GROUNDS OF DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332** |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Defendant United Airlines, Inc. (hereinafter, "United"), by and through its attorneys at Victor Rane Group, hereby removes this pending action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California on the following grounds:

1. On June 26, 2020, there was filed in the Superior Court of the State of California for the County of Los Angeles the attached summons and complaint bearing Case No. 20STCV24320 in the records and files of that court. True and correct copies of the summons and complaint filed in the state court are attached as

Exhibit A.

2. United received the summons and complaint on September 10, 2020. Accordingly, the time for removal as set forth in 28 U.S.C. § 1446(b) has not yet elapsed. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 356 (1999).

3. On October 8, 2020, United filed its answer to plaintiffs' complaint, a true and correct copy of which is attached as Exhibit B.

4. This is a civil action by plaintiffs Ariel Shachaf and Vicky Shachaf (hereinafter, "plaintiffs") against United for personal injuries allegedly arising from an incident on a United flight from Orlando, Florida to Los Angeles, California on September 9, 2018. (*See* Exhibit A, p. 4.)

5. The Court has original jurisdiction based on the existence of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332 wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is one which may be removed to this Court by United pursuant to the provisions of 28 U.S.C. § 1441(b).

6. United is informed and believes that plaintiff Ariel Shachaf is a resident and citizen of the State of California for the purposes of 28 U.S.C. § 1332.

7. United is informed and believes that plaintiff Vicky Shachaf is a resident and citizen of the State of California for the purposes of 28 U.S.C. § 1332.

8. United is now, and at all times relevant to this action was, a commercial air carrier organized and existing under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois.

9. Defendants identified as "DOES 1 TO 100 Inclusive" in plaintiffs' complaint are merely fictitious parties against whom no cause of action can be validly alleged. To the best of United's information and belief, no fictitiously designated defendant has been served with process. The citizenship of defendants sued under fictitious names, therefore, must be disregarded pursuant to 28 U.S.C. §

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

1441(b)(1).

10. Plaintiffs allege damages for personal injuries against United. (*See* Exhibit A). Because § 425.10 (b) of the California Code of Civil Procedure prevents a plaintiff in an action for personal injury from claiming a specific dollar amount of actual damages in the complaint, plaintiffs' complaint does not specify the amount of damages they attribute to any personal injury.

11. However, the failure of the complaint to allege the total amount of monetary relief sought by plaintiffs does not deprive this Court of jurisdiction. *See e.g., White v. JC Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W. Va. 1994). United need only establish by a preponderance of the evidence that plaintiffs' claims exceed the jurisdictional minimum (*see Sanchez v. Monumental Life Ins, Co.*, 102 F. 3d 398, 404 (9th Cir. 1996)), and for purposes of considering the amount at issue, the Court must presume that plaintiffs will prevail on each and every one of their claims. *See Snyder v. Harris*, 394 U.S. 332, 225 (1969).

12. The preponderance of the evidence here establishes that plaintiffs are seeking damages in excess of $75,000. Plaintiffs allege causes of action for general negligence, premises liability, and loss of consortium against United. (Exhibit A, pp. 4-6.) Plaintiffs alleged damages include compensatory damages, wage loss, hospital and medical expenses, general damage, loss of earning capacity, and loss of consortium. (*Id.* at p. 3.) Plaintiff Ariel Shachaf claims that he sustained "severe physical and emotional injuries" as a result of the incident. (*Id.* at p. 6, ¶¶ 7-8.) Plaintiffs claim that Ariel Schachaf "has been unable to perform the duties of a husband that he can no longer assist with housework, participate in family, recreational or social activities with plaintiff [Vicky Shachaf], or contribute to the household income." (*Id.* at p. 7.) Plaintiff Vicky Shachaf claims that she sustained "severe physical and psychological strains." (*Id.*) Plaintiff Vicky Shachaf also alleges that plaintiff Ariel Shachaf is "no longer able to provide plaintiff [Vicky Shachaf] with love, companionship, affection,

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

society, moral support, and solace," and that he "will be unable to perform these duties in the future. (*Id.*) Plaintiff Vicky Shachaf claims that she will be "permanently deprived" of consortium. (*Id.*).

13. Furthermore, in their settlement demand letter to United, plaintiffs asserted that their past and future medical expenses are $225,099.85, which shows that the amount in controversy substantially exceeds the jurisdiction amount. *See Cohn v. Petsmart, Inc.,* 281 F.3d 837, 839 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." (citation omitted)).

14. Accordingly, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

WHEREFORE, United prays that the above-entitled action now pending in the Superior Court of the State of California for the County of Los Angeles be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1332.

Dated: October 9, 2020         Respectfully submitted

                               By: /s/ Richard A. Lazenby
                                   Richard A. Lazenby
                                   Michael Cutler
                                   VICTOR RANE
                                   Attorneys for Defendant
                                   UNITED AIRLINES, INC.