# EXHIBIT A

 **Service of Process Transmittal**
09/10/2020
CT Log Number 538228317

**TO:** Maria Bustamante, Paralegal-Litigation
United Airlines, Inc.
609 MAIN STREET, 16TH FLOOR/HSCPZ
HOUSTON, TX 77002-3167

**RE:** **Process Served in California**

**FOR:** United Airlines, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Ariel Shachaf, etc. and Vicky Shachaf, etc., Pltfs. vs. United Airlines, Inc., et al., Dfts.

**DOCUMENT(S) SERVED:** -

**COURT/AGENCY:** None Specified
Case # 20STCV24320

**NATURE OF ACTION:** Personal Injury - Slip/Trip and Fall

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, Los Angeles, CA

**DATE AND HOUR OF SERVICE:** By Process Server on 09/10/2020 at 02:32

**JURISDICTION SERVED :** California

**APPEARANCE OR ANSWER DUE:** None Specified

**ATTORNEY(S) / SENDER(S):** None Specified

**ACTION ITEMS:** CT has retained the current log, Retain Date: 09/10/2020, Expected Purge Date: 09/15/2020

Image SOP

Email Notification, Tom Campuzano thomas.d.campuzano@united.com

Email Notification, Maria Bustamante maria.bustamante@united.com

Email Notification, Paula Hernandez paula.hernandez01@united.com

Email Notification, Javaria Neagle javaria.neagle@united.com

**SIGNED:** C T Corporation System
**ADDRESS:** 208 South LaSalle Street
Suite 814
Chicago, IL 60604

**For Questions:** 866-331-2303
CentralTeam1@wolterskluwer.com

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Sep 10, 2020

**Server Name:** JOSE SORIANO

**Location:** Los Angeles , CA

| | |
|---|---|
| Entity Served | UNITED AIRLINES, INC. |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 20STCV24320 |
| Jurisdiction | CA |

Electronically FILED by Superior Court of California, County of Los Angeles on 06/26/2020 04:29 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
20STCV24320

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

United Airlines, Inc. and Does 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

Ariel Shachaf, an individual, Vicky Shachaf, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 North Hill
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
20STCV24320

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
P. Paul Aghabala, Esq. 15250 Ventura Blvd., Suite 500, Sherman Oaks, CA 91403 818-788-0808

Sherri R. Carter Executive Officer / Clerk of Court

DATE: 06/26/2020 *(Fecha)* Clerk, by *(Secretario)* R. Perez, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: United Airlines, Inc.
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
SUMMONS
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 06/28/2020 04:29 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
20STCV24320

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Stephen Goorvitch

PLD-PI-001

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
P. Paul Aghabala (SBN 223585)
Prestige Law Firm, P.C.
15250 Ventura Blvd., Suite 500
Sherman Oaks, CA 91403
TELEPHONE NO: (818)788-0808 FAX NO. (Optional): (818)788-0809
E-MAIL ADDRESS (Optional): Paul@prestigelaw.com
ATTORNEY FOR (Name): Plaintiffs, Ariel Shachaf and Vicky Shachaf

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central

PLAINTIFF: Ariel Shachaf, an individual; Vicky Shachaf, an individual

DEFENDANT: United Airlines, Inc. and

☑ DOES 1 TO 100 Inclusive

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
☐ AMENDED (Number):
Type (check all that apply):
☐ MOTOR VEHICLE ☑ OTHER (specify): Premise Liability
☐ Property Damage ☐ Wrongful Death
☑ Personal Injury ☐ Other Damages (specify):

Jurisdiction (check all that apply):
☐ ACTION IS A LIMITED CIVIL CASE
Amount demanded ☐ does not exceed $10,000
☐ exceeds $10,000, but does not exceed $25,000
☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
☐ from limited to unlimited
☐ from unlimited to limited

CASE NUMBER:
20STCV24320

1. Plaintiff (name or names): Ariel Shachaf, an individual; Vicky Shachaf, an individual
alleges causes of action against defendant (name or names):
United Airlines, Inc., and Does 1 through 100
2. This pleading, including attachments and exhibits, consists of the following number of pages: 9
3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):
   b. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3
Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]
COMPLAINT—Personal Injury, Property Damage, Wrongful Death
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001

| SHORT TITLE: Shachaf v. United Airlines, Inc. et al. | CASE NUMBER: |
|---|---|

4. [ ] Plaintiff *(name):*
is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
a. [✓] except defendant *(name):* United Airlines, Inc.
(1) [ ] a business organization, form unknown
(2) [✓] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [ ] a public entity *(describe):*
(5) [ ] other *(specify):*

b. [ ] except defendant *(name):*
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [ ] a public entity *(describe):*
(5) [ ] other *(specify):*

c. [ ] except defendant *(name):*
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [ ] a public entity *(describe):*
(5) [ ] other *(specify):*

d. [ ] except defendant *(name):*
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [ ] a public entity *(describe):*
(5) [ ] other *(specify):*

[ ] Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
a. [✓] Doe defendants *(specify Doe numbers):* 1 - 50 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
b. [✓] Doe defendants *(specify Doe numbers):* 50 - 100 are persons whose capacities are unknown to plaintiff.

7. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
a. [ ] at least one defendant now resides in its jurisdictional area.
b. [ ] the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. [✓] injury to person or damage to personal property occurred in its jurisdictional area.
d. [ ] other *(specify):*

9. [ ] Plaintiff is required to comply with a claims statute, and
a. [ ] has complied with applicable claims statutes, or
b. [ ] is excused from complying because *(specify):*

PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 2 of 3

PLD-PI-001

| SHORT TITLE: Shachaf v. United Airlines, Inc. et al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
    - a. [ ] Motor Vehicle
    - b. [✓] General Negligence
    - c. [ ] Intentional Tort
    - d. [ ] Products Liability
    - e. [ ] Premises Liability
    - f. [ ] Other *(specify):*

11. Plaintiff has suffered
    - a. [✓] wage loss
    - b. [ ] loss of use of property
    - c. [✓] hospital and medical expenses
    - d. [✓] general damage
    - e. [ ] property damage
    - f. [✓] loss of earning capacity
    - g. [✓] other damage *(specify):*

      loss of consortium

12. [ ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    - a. [ ] listed in Attachment 12.
    - b. [ ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    - a. (1) [✓] compensatory damages
      (2) [ ] punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) [✓] according to proof
      (2) [ ] in the amount of: $

15. [✓] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

    All

Date: 6/26/20

P. Paul Aghbabala, Esq.
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(2)

| SHORT TITLE: Shachaf v. United Airlines, Inc. | CASE NUMBER: |
|---|---|

First (number) **CAUSE OF ACTION—General Negligence** Page 4

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Ariel Shachaf, an individual; Vicky Shachaf, an individual

alleges that defendant *(name):* United Airlines, Inc.

☑ Does 1 to 100

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date):* 9/9/18

at *(place)*: 1 World Way, Los Angeles, CA 90045

*(description of reasons for liability):*

Plaintiff Ariel Shachaf was a passenger on a United Airlines flight from Orlando, Florida to the LAX Airport in Los Angeles, California. Before the final descent into LAX, plaintiff went to use the bathroom and on the way tripped and fell over part of luggage on the floor that could not be seen because of poor lighting and should not have been in the aisle. Plaintiff believes that defendant's flight attendants either knew of the dangerous condition created by the poor lighting and the luggage in the aisle or should have known through reasonable care and found out and removed it.

As an approximate cause of defendant's negligence, plaintiff sustained injuries. Plaintiff's wife Vicky Shachaf is asserting a claim for loss of consortium.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-PI-001(4)

| SHORT TITLE: Shachaf v. United Airlines, Inc. et al. | CASE NUMBER: |
|---|---|

Second (number) **CAUSE OF ACTION—Premises Liability** Page 5

ATTACHMENT TO [✓] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* Ariel Shachaf, an individual; Vicky Shachaf, an individual

alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.

On *(date):* 9/9/18 plaintiff was injured on the following premises in the following fashion *(description of premises and circumstances of injury):*

Plaintiff, was a passenger on a United Airlines flight from Orlando, FL to Los Angeles, CA. Before the final descent into LAX, plaintiff went to use the bathroom and tripped and fell over luggage on the floor that could not be seen because of poor lighting and should not have been in the aisle. Plaintiff believes that defendant's flight attendants either knew of the dangerous condition created by poor lighting and the luggage in the aisle or should have known through reasonable care and found out and removed it. As a direct result, plaintiff suffered injuries.

Prem.L-2. [✓] **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):*

United Airlines, Inc.

[✓] Does 1 to 100

Prem.L-3. [✓] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):*

United Airlines, Inc.

[✓] Does 1 to 100

Plaintiff, a recreational user, was [ ] an invited guest [ ] a paying guest.

Prem.L-4. [ ] **Count Three—Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names):*

[ ] Does ________ to ________

a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.

b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [✓] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*

[✓] Does 1 to 100

b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are [ ] described in attachment Prem.L-5.b [ ] as follows *(names):*

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]

**CAUSE OF ACTION—Premises Liability**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

MC-025

| SHORT TITLE: Shachaf v. United Airlines, Inc. et al. | CASE NUMBER: |
|---|---|

**ATTACHMENT** *(Number)*: 3

*(This Attachment may be used with any Judicial Council form.)*

THIRD CAUSE OF ACTION- LOSS OF CONSORTIUM
( Plaintiff Vicky Shachaf against all defendants)

Plaintiff Vicky Shachaf complains and for causes of action alleges against all of the defendants as follows:

1. Plaintiff, Vicky Shachaf, is an individual and is now, and at all times mentioned in this complaint was, a resident of Los Angeles, California.

2. Defendants United Airlines is a corporation doing business in the city of Los Angeles in State of California.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to plaintiff at this time. Plaintiff sues those defendants by such fictitious names pursuant to Code of Civil Procedure and will amend this complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is negligently or otherwise legally responsible for the events and happenings referred to in this complaint, and negligently or otherwise unlawfully caused the injuries and damages to plaintiff alleged in this complaint.

4. Plaintiff is informed and believes, and based on that information and belief alleges, that at all times mentioned in this complaint, defendants were the agents and employees of their co-defendants, and in doing the things alleged in this complaint were acting within the course and scope of such agency and employment.

5. On September 9, 2018 and at all times mentioned in this complaint, Ariel Shachaf and Vicky Shachaf were married.

6. On September 9, 2018 Defendants and each of them owed a duty of reasonable care to not to cause any injury to Plaintiff's spouse.

7. On September 9, 2018 Plaintiff's spouse, Ariel Shachaf, was injured physically and mentally when defendants' negligent maintenance of their premises caused a premises liability trip and fall.

8. As a direct and proximate result of defendant's negligent conduct, Ariel Shachaf, suffered severe physical and emotional injuries.

9. Before suffering these injuries, Plaintiff's spouse, Ariel Shachaf was able to and did perform all the duties of a husband and did perform all these duties, including assisting in maintaining the home, and providing love, companionship, affection, society, moral support, and solace to plaintiff.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 6 of 7
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: Shachaf v. United Airlines, Inc. et al. | CASE NUMBER: |
|---|---|

ATTACHMENT *(Number)*: 4

*(This Attachment may be used with any Judicial Council form.)*

SECOND CAUSE OF ACTION- LOSS OF CONSORTIUM (Continued)
( Plaintiff Vicky Shachaf against all defendants)

Continued from attachment two:

10. As a direct and proximate result of the injuries, plaintiff's spouse, Ariel Shachaf, has been unable to perform the duties of a husband that he can no longer assist with housework, participate in family, recreational, or social activities with plaintiff, or contribute to the household income. Due to the nature of the injuries sustained by plaintiff's spouse and the severe physical and psychological strains they cause her, plaintiff's spouse is no longer able to provide plaintiff with love, companionship, affection, society, moral support, and solace. Because of these injuries, plaintiff's spouse will be unable to perform these duties in the future. Plaintiff is therefore deprived and will be permanently deprived of his spouse's consortium, all to plaintiff's damage, in a total amount to be established by proof at trial.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

FILED
Superior Court of California
County of Los Angeles

2020-SJ-002-00

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By ______ Deputy
Lorena Albino

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES SPRING STREET COURTHOUSE (EFFECTIVE FEBRUARY 24, 2020)

) CASE NO.:
)
) FIRST AMENDED STANDING ORDER
) RE: PERSONAL INJURY PROCEDURES
) AT THE SPRING STREET COURTHOUSE

**ALL HEARINGS ARE SET IN THE DEPARTMENT AS REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

**FINAL STATUS CONFERENCE:**

DATE: ______________________ AT 10:00 A.M.

**TRIAL:**

DATE: ______________________ AT 8:30 A.M.

**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

DATE: ______________________ AT 8:30 A.M.

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI") ACTIONS FILED IN THE CENTRAL DISTRICT.

///

1. To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition" (Local Rule 2.3(a)(1)(A)).

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:

- ☐ A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
- ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist
- ☐ A7260 Product Liability (not asbestos or toxic/environmental)
- ☐ A7210 Medical Malpractice – Physicians & Surgeons
- ☐ A7240 Medical Malpractice – Other Professional Health Care Malpractice
- ☐ A7250 Premises Liability (e.g., slip and fall)
- ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)
- ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

The Court sets the above dates in this action in the PI Court as reflected in the Notice of Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

90012 (C.R.C. Rules 3.714(b)(3), 3.729).

**FILING OF DOCUMENTS**

2. With the exception of self-represented litigants or parties or attorneys that have obtained an exemption from mandatory electronic filing, parties must electronically file documents. Filings are no longer accepted via facsimile. The requirements for electronic filing are detailed in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online at www.lacourt.org (link on homepage).

**SERVICE OF SUMMONS AND COMPLAINT**

3. Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as soon as possible but no later than three years from the date when the complaint is filed (C.C.P. § 583.210, subd. (a)). On the OSC re Dismissal date noted above, the PI Court will dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

4. The Court sets the above trial and final status conference ("FSC") dates on the condition that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six months of filing the complaint.

5. The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure § 581 when no party appears for trial.

**STIPULATIONS TO CONTINUE TRIAL**

6. Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P. § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing good cause or articulating any reason or justification for the change. To continue or advance a trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts schedule FSCs at 10:00 a.m., eight court days before the trial date. Parties seeking to continue the trial and FSC dates shall file the stipulation at least eight court days before the FSC date. Parties seeking to advance the trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

FSC date (C.C.P. § 595.2; Govt. Code § 70617, subd. (c)(2)). In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday following a court holiday. Parties may submit a maximum of two stipulations to continue trial, for a total continuance of six months. Subsequent requests to continue trial will be granted upon a showing of good cause by noticed motion. This rule is retroactive so that any previously granted stipulation to continue trial will count toward the maximum number of allowed continuances.

**NO CASE MANAGEMENT CONFERENCES**

7. The PI Courts do not conduct case management conferences. The parties need not file a Case Management Statement.

**LAW AND MOTION**

8. Any and all electronically-filed documents must be text searchable and bookmarked. (*See* operative General Order re Mandatory Electronic Filing in Civil).

**COURTESY COPIES REQUIRED**

9. Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy copies of certain documents must be submitted directly to the PI Court courtrooms at the Spring Street Courthouse. The PI Courts also strongly encourage the parties filing and opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one or more three-ring binders organizing the courtesy copy behind tabs. Any courtesy copies of documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)). All deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits (C.R.C. Rule 3.1116(c)).

**RESERVATION HEARING DATE**

10. Parties must reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage). After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt number printed on the face page of the document under the caption and attach the reservation receipt as the last page. Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11. California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not needlessly prepare tentative rulings for these matters.

**DISCOVERY MOTIONS**

12. The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person. The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13. Parties <u>**must**</u> participate in an IDC <u>**before**</u> a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC. Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions. Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope. Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an IDC.

If parties do not stipulate to extend the deadlines, the moving party may file the motion to avoid it being deemed untimely. However, the IDC must take place before the motion is heard so it is suggested that the moving party reserve a date for the motion hearing that is at least 60 days after the date when the IDC reservation is made. Motions to Compel Further Discovery Responses are heard at 10:00 a.m. If the IDC is not productive, the moving party may advance the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

that complies with the notice requirements of the Code of Civil Procedure.

14. Parties must reserve IDC dates in the PI Courts using CRS, which is available online at www.lacourt.org (link on homepage). Parties must meet and confer regarding the available dates in CRS prior to accessing the system. After reserving the IDC date, the reservation requestor must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt as the last page. The opposing party may file and serve a responsive IDC form, briefly setting forth that party's response, at least ten court days prior to the IDC.

15. Time permitting, the PI Hub judges may be available to participate in IDCs to try to resolve other types of discovery disputes.

**EX PARTE APPLICATIONS**

16. Under the California Rules of Court, courts may only grant *ex parte* relief upon a showing, by admissible evidence, that the moving party will suffer "irreparable harm," "immediate danger," or where the moving party identifies "a statutory basis for granting relief ex parte" (C.R.C. Rule 3.1202(c)). The PI Courts have no capacity to hear multiple *ex parte* applications or to shorten time to add hearings to their fully booked motion calendars. The PI Courts do not regard the Court's unavailability for timely motion hearings as an "immediate danger" or threat of "irreparable harm" justifying *ex parte* relief. Instead of seeking *ex parte* relief, the moving party should reserve the earliest available motion hearing date (even if it is after the scheduled trial date) and file a motion to continue trial. Parties should also check CRS from time to time because earlier hearing dates may become available as cases settle or hearings are taken off calendar.

**REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

17. Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC") Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under the PI Courts link). The PI Courts will transfer a matter to an IC Court if the case is not a "Personal Injury" case as defined in this Order, or if it is "complicated." In determining

whether a personal injury case is "complicated" the PI Courts will consider, among other things, the number of pretrial hearings or the complexity of issues presented.

18. Parties opposing a motion to transfer have five court days to file an Opposition (using the same LACIV 238 Motion to Transfer form).

19. The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts will make an independent determination whether to transfer the case or not.

**FINAL STATUS CONFERENCE**

20. Parties shall comply with the requirements of the PI Courts' operative Standing Order Re Final Status Conference, which shall be served with the summons and complaint.

**JURY FEES**

21. Parties must pay jury fees no later than 365 calendar days after the filing of the initial complaint (C. C. P. § 631, subd. (c)(2)).

**JURY TRIALS**

22. The PI Courts do not conduct jury trials. On the trial date, a PI Court will contact the Master Calendar Court, Department One, in the Stanley Mosk Courthouse. Department One will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal Courtrooms.

**SANCTIONS**

23. The Court has discretion to impose sanctions for any violation of this general order (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

Dated: Feb. 24, 2020

[signature]

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

2020-SJ-004-00

FILED
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By ______ Deputy
Lorena Albino

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS AT THE SPRING STREET COURTHOUSE | THIRD AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective January 13, 2020) |
|---|---|

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the **COURT HEREBY AMENDS AND SUPERSEDES ITS August 9, 2019 STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

**1. PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

///

## 2. TRIAL DOCUMENTS TO BE FILED

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

### A. TRIAL BRIEFS (OPTIONAL)

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

### B. MOTIONS IN LIMINE

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C. JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

### D. JOINT WITNESS LIST

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)). The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony. The parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

E. LIST OF PROPOSED JURY INSTRUCTIONS (JOINT AND CONTESTED)

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any. The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

F. JURY INSTRUCTIONS (JOINT AND CONTESTED)

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material. The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

G. JOINT VERDICT FORM(S)

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)). If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

H. JOINT EXHIBIT LIST

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit. The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

I. PAGE AND LINE DESIGNATION FOR DEPOSITION AND FORMER TESTIMONY

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following: 1) the page and line designations of the deposition or

former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto, and 5) the Court's ruling.

**3. EVIDENTIARY EXHIBITS**

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses). The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder. If the parties have a joint signed exhibit list and electronic copies of their respective exhibits, then the parties/counsel will not be required to produce exhibit binders at the FSC. However, the exhibit binders will be required by the assigned trial judge when the trial commences. In the absence of either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced by all parties/counsel at the FSC.

**4. TRIAL BINDERS REQUIRED IN THE PI COURTS**

The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the following for inspection at the FSC) the Trial Documents consisting of conformed copies (if available), tabbed and organized into three-ring binders with a table of contents that includes the following:

Tab A: Trial Briefs (Optional)

Tab B: Motions in Limine

Tab C: Joint Statement to Be Read to the Jury

Tab D: Joint Witness List

Tab E: Joint List of Jury Instructions (identifying the agreed upon and contested instructions)

Tab F: Joint and Contested Jury Instructions

Tab G: Joint and/or Contested Verdict Form(s)

Tab H: Joint Exhibit List

Tab I: Joint Chart of Page and Line Designation(s) for Deposition and Former Testimony

Tab J: Copies of the Current Operative Pleadings (including the operative complaint, answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

**5. FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: Feb. 24, 2020

[signature]
SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

2020-SJ-003-00

FILED
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By ________ Deputy
Lorena Albino

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO PERSONAL INJURY COURTROOMS AT THE SPRING STREET COURTHOUSE | ) FIFTH AMENDED STANDING ORDER ) RE: MANDATORY SETTLEMENT ) CONFERENCE ) (Effective February 24, 2020) ) |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

**Pursuant to California Code of Civil Procedure, the California Rules of Court and the Los Angeles Court Rules, the Los Angeles Superior Court ("Court") HEREBY AMENDS AND SUPERSEDES THE September 26, 2019 FOURTH AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING FIFTH AMENDED STANDING ORDER:**

The Court orders the parties to participate in a Mandatory Settlement Conference ("MSC") supervised by a Personal Injury Court Judge and staffed by volunteer settlement attorneys from the American Board of Trial Advocates, the Association of Southern California Defense Counsel, and the Consumer Attorneys Association of Los Angeles.

1. Plaintiff's counsel shall, within two (2) court days of the Court's order of an MSC, access the Consumer Attorneys Association of Los Angeles ("CAALA") website, at www.caala.org, and under "The LASC COURT CONNECTION" click on "LA Superior Court PI MSC (Parties)," to register and schedule a mutually agreed upon time for the MSC prior to the trial date.

2. A mandatory settlement conference statement shall be served on all parties not less than five (5) court days before the scheduled MSC. Parties' counsel shall serve

opposing counsel, CAALA at stuart@caala.org, and the Court by email. Email addresses for the PI courtrooms can be found on the Court's website at www.lacourt.org, under "*Division*" go to "*Civil*", then go to "*General Jurisdiction PI Court*" then click on "*PI Courtroom Email Addresses*". CAALA will forward the mandatory settlement conference statements to the settlement attorneys.

3. Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior Court Rule 3.25(d), trial counsel, the parties and persons, including insurance company representatives with full settlement authority, must attend in person unless the settlement judge excuses personal appearance for good cause.

4. If the case settles prior to the scheduled MSC, Plaintiff's counsel shall notify the specific Courtroom, forthwith, of such settlement by email and also CAALA by email to stuart@caala.org.

5. Parties and counsel are ordered to appear in in the assigned Personal Injury Courtroom at the scheduled time and date of the MSC as selected by the parties' counsel.

6. The Court has the discretion to require any party and/or counsel who fails or refuses to comply with this order to show cause why the Court should not impose monetary sanctions.

Dated: Feb. 24, 2020

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

Superior Court of California
County of Los Angeles

Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section

Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel

Association of
Business Trial Lawyers

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ____________________ (INSERT DATE) for the complaint, and ____________________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

____________________ (TYPE OR PRINT NAME) ➤ ____________________ (ATTORNEY FOR PLAINTIFF)

Date:

____________________ (TYPE OR PRINT NAME) ➤ ____________________ (ATTORNEY FOR DEFENDANT)

Date:

____________________ (TYPE OR PRINT NAME) ➤ ____________________ (ATTORNEY FOR DEFENDANT)

Date:

____________________ (TYPE OR PRINT NAME) ➤ ____________________ (ATTORNEY FOR DEFENDANT)

Date:

____________________ (TYPE OR PRINT NAME) ➤ ____________________ (ATTORNEY FOR ____________________)

Date:

____________________ (TYPE OR PRINT NAME) ➤ ____________________ (ATTORNEY FOR ____________________)

Date:

____________________ (TYPE OR PRINT NAME) ➤ ____________________ (ATTORNEY FOR ____________________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR _______________)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR _______________)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR _______________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: ________________ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: ________________ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR _______________)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR _______________)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR _______________)

**THE COURT SO ORDERS.**

Date: _______________________ _______________________
JUDICIAL OFFICER

 Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

**What is ADR?**

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR:**

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
- **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
  - Only MCLA provides mediation in person, by phone and by videoconference.

**These organizations cannot accept every case and they may decline cases at their discretion.**
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/

- Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
  - Free, day- of- trial mediations at the courthouse. No appointment needed.
  - Free or low-cost mediations before the day of trial.
  - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | FILED<br>Superior Court of California<br>County of Los Angeles<br>06/26/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: R. Perez Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV24320 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Stephen I. Goorvitch | 32 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on 06/29/2020 (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Perez, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

Electronically FILED by Superior Court of California, County of Los Angeles on 06/26/2020 04:29 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
20STCV24320

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
P. Paul Aghabala (SBN 223585)
Prestige Law Firm, P.C.
15250 Ventura Blvd., Suite 500
Sherman Oaks, CA 91403
TELEPHONE NO.: (818)788-0808 FAX NO.: (818)788-0809
ATTORNEY FOR (Name): Plaintiffs, Ariel Shachaf and Vicky Shachaf

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Shachaf v. United Airlines, Inc.

**CIVIL CASE COVER SHEET**

☑ Unlimited (Amount demanded exceeds $25,000)
☐ Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 20STCV24320
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (*check all that apply*): a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action (*specify*): 3
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: 6/26/20
P. Paul Aghabala, Esq.
(TYPE OR PRINT NAME)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: Shachaf v. United Airlines, Inc. et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☑ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE: Shachaf v. United Airlines, Inc. et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Shachaf v. United Airlines, Inc. et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

| SHORT TITLE: Shachaf v. United Airlines, Inc. et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11. | | | ADDRESS: 1 world way |
|---|---|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90045 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 6/26/20

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.